Platt *v.* Platt.

The judgment must be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 7, 1871. *Ingraham,* P. J., and *Cardozo* and *Geo. G. Barnard;* Justices.]

———•◦•———

WILLIAM H. PLATT and others, Executors, &c., *vs.* GEORGE W. PLATT.

While a sale by one partner to the other, of all his interest in the partnership, stands, the copartnership books belong to no one but the purchaser; and while they belong, exclusively, to him, no one else has the right to a general inspection of them.

Hence, in an action by the executors of a partner who has parted with his interest in the partnership and conveyed it to his copartner, against the latter, to set aside the releases and conveyances, the plaintiffs are not entitled, before judgment, to a general inspection of the books of the firm.

APPEAL from an order made at a special term, on the petition of the plaintiffs, for a discovery and inspection of partnership books.

The action was brought by the plaintiffs as executors of Nathan C. Platt, deceased, to set aside certain releases and conveyances made by the deceased to the defendant.

Platt *v.* Platt.

The complaint alleged that during the life of Nathan C. Platt a partnership existed between him and the defendant; and that. the defendant, .by fraudulent representations, induced Nathan C. Platt to dissolve the copartnership, and to convey, without any consideration, all his interest therein to the defendant.

The defendant appealed from the order.

*S. P. Nash,* for the appellant.

*Wm. R. Martin* and *James Emott,* for the respondents.

*By the Court,* CARDOZO, J.   The learned judge below treated the case as if it were one of mere dissolution of partnership, and applied the rule which would obtain in such cases, that whichever partner holds possession of the books, does so for the benefit of both parties, and cannot exclude the other from using them.   I think he overlooked the fact that the testator had put an end to his right to the use of the books, and that the possession of the defendant was exclusively for his own benefit.

Nathan C. Platt had parted with his interest in the partnership, and conveyed it to the defendant.   While that sale stands, the plaintiffs have no rights in the property. While that sale stands, the books belong to no one but the defendant; and while they belong exclusively to him, no one else has the right to a general inspection of them. To grant such general inspection now, is to give to the plaintiffs, before trial, what they can only claim after, by prevailing in the suit, the sale shall have been declared void and the partnership re-established, and the property declared to belong to them and the defendant jointly.

I think the order below was wrong, and should be reversed.

                                    Order reversed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 7, 1871. *Cardozo* and *Geo. G. Barnard,* Justices.]